1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9   HOLLI LUNDAHL,

10          *Petitioner*,                                    2:07-cv-01449-KJD-LRL

11   vs.

12                                                           ORDER

13   ATTORNEY GENERAL OF THE
     UNITED STATES,

14          *Respondent.*

15

16          This closed habeas matter comes before the Court on the petitioner's motion (#5) to

17   reopen the case and her filing docketed as a motion (#6) to reconsider the order of dismissal.

18   The motion to reopen was mailed for filing within the ten day period for seeking relief under

19   Rule 59 of the Rules of Civil Procedure.

20          In the original petition filed herein, petitioner Holli Lundahl alleged that she was in

21   custody in Utah facing two pending federal criminal prosecutions in the District of Utah.

22   Lundahl sought "a writ of habeas corpus pursuant to 28 U.S.C. § 2255," special relief under

23   the "Larson-Dugan Doctrine," and a mandatory injunction under the All Writs Act, 28 U.S.C.

24   § 1651, with all such requests for relief seeking a release from custody and a halt to the

25   pending federal criminal proceedings in Utah.   By an order and judgment entered on

26   November 20, 2007, the Court dismissed the petition without prejudice for lack of jurisdiction

27   over the subject matter because, *inter alia*, petitioner is not confined within this district. See

28   ## 3 & 4.

1    Petitioner seeks to reopen the case so that she instead may file, rather than a habeas

2    action, an amended complaint pursuing a civil rights action seeking to enjoin the federal

3    prosecution in Utah.  Petitioner sent a letter (#2) to the Magistrate Judge stating that she

4    would be withdrawing her habeas corpus claims and filing an amended complaint asserting

5    civil rights and other claims for declaratory and injunctive relief directed to the prosecuting

6    federal authorities.  The letter was received and stamped "filed" by the Clerk of Court on

7    November 9, 2007.  The letter was not entered on the docket by the Clerk, however, until

8    November 15, 2007, the same day that the order of dismissal was signed and filed, which in

9    turn was entered on the docket by the Clerk thereafter on November 20, 2007.

10    In the filing docketed as a motion to reconsider the order, petitioner has tendered a

11    handwritten 118-page handwritten amended complaint seeking to pursue a civil rights and

12    RICO action for, *inter alia,* declaratory and injunctive relief restraining the federal prosecuting

13    authorities in Utah.

14    The plaintiff's letter and the amended complaint tendered do not lead to a different

15    outcome in this matter.  This matter was commenced as a habeas matter, with a filing fee of

16    $5.00, and, as such, was dismissed without prejudice.  The without prejudice dismissal, in and

17    of itself, does not bar petitioner from commencing a new action for civil rights relief, upon

18    complying with all procedural requirements for such an action.  To commence a civil rights

19    action, petitioner either must pay a $350.00 filing fee or must submit an application to proceed

20    *in forma pauperis* on the Court's required form for an incarcerated person.  She further must

21    file any civil rights complaint on the Court's required civil rights complaint form.  Petitioner's

22    substantial rights are not affected by an order and judgment that dismisses the present

23    habeas matter without prejudice and, in effect, requires that she pursue any civil rights action

24    in a new action after complying with the distinct procedural requirements for commencing a

25    civil rights action.  See Fed.R.Civ.Pro. 61.  Given that petitioner is seeking to restrain ongoing

26    federal criminal proceedings in Utah, a time-bar issue is not apparent from the pleadings.

27    The Court further would note the substantial likelihood of the futility of the amendment

28    tendered, at the very least insofar as potential relief in this Court is concerned.  It is subject

1  to substantial question whether the District of Nevada is the proper venue under 28 U.S.C.

2  § 1391(b) for a civil action seeking to enjoin a criminal prosecution in the District of Utah, as

3  it would appear that a substantial part of the events or omissions in question occurred within

4  that district where the challenged criminal proceedings are being conducted.  Moreover,

5  regardless of whether the action brought is a habeas matter or instead a civil rights, RICO or

6  other civil proceeding, this Court does not have jurisdiction, appellate or otherwise, over

7  proceedings in the coequal federal district court in the District of Utah.  Petitioner's potential

8  remedies, if any, would appear to lie in the District of Utah, with the possibility of review by the

9  Court of Appeals as to orders subject to appeal or review.  Furthermore, it is subject to

10  substantial question whether petitioner may pursue the civil rights claims without first

11  exhausting her remedies within the pending criminal case. *Cf. Falcon v. United States Bureau*

12  *of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995); *Bear v. Wydra*, 48 F.Supp.2d 516, 519-20

13  (W.D.N.C. 1999).

14  　　　　The Court makes no conclusive ruling with regard to venue, jurisdiction or otherwise

15  with regard to any such civil action filed by petitioner in this Court or another.  The Court notes

16  the substantial likelihood of the futility of amendment, however, in exercising its discretion to

17  not reopen this dismissed habeas case.  Plaintiff in all events must start essentially from

18  scratch to comply with the procedural requirements for instituting a prisoner civil rights action,

19  and she sustains no substantial prejudice from having to do so in a new action.

20  　　　　IT THEREFORE IS ORDERED that the petitioner's motion (#5) to reopen the case and

21  her filing docketed as a motion (#6) to reconsider the order of dismissal both are DENIED.

22  　　　　IT FURTHER IS ORDERED that the Clerk shall provide petitioner a copy of ## 5 & 6,

23  including the attachments, along with this order.

24  　　　　This matter has been and remains closed.

25  　　　　DATED:  December 20, 2007.

26

27  　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　

28  　　　　　　　　　　　　　　　　Kent J. Dawson
　　　　　　　　　　　　　　　　　United States District Judge